UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KIRYL A. VOITSIK,

Petitioner,

v.

OFFICER-IN-CHARGE, GOLDEN STATE ANNEX, et al.

Respondents.

No. 1:26-cv-04295-DAD-CSK

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND GRANTING PETITIONER'S MOTION TO PROCEED IN FORMA PAUPERIS

(Doc. Nos. 1, 2)

On June 4, 2026, petitioner filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE") (Doc. No. 1), which this court construed as a motion for temporary restraining order in light of petitioner's *pro se* status and his request for emergency relief.  (Doc. No. 5.)  That same day, petitioner filed a motion to proceed *in forma pauperis*.[1]  (Doc. No. 2.)  In support of his habeas petition, petitioner provides evidence of the following.

Petitioner entered the United States on February 17, 2022.  (Doc. No. 1 at 4.)  Petitioner was released on his own recognizance on March 8, 2022.  (*Id.* at 51.)  On March 3, 2026, petitioner was re-detained by ICE without a warrant, and without notice of any reason for his re-

---

[1]  Petitioner's application makes the showing required by 28 U.S.C. § 1915(a)(1) and is therefore granted.

1

detention.  (*Id.* at 5.)  In the almost four years that petitioner was at liberty in the United States, he applied for asylum, obtained a work permit, and worked as a commercial truck driver.  (*Id.* at 4–5.)  Petitioner asserts that he does not have any criminal history.  (*Id.* at 5.)

On June 8, 2026, the court set a briefing schedule as to petitioner's motions and directed respondent to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided.  (Doc. No. 5.)  In addition, respondents were directed to state any opposition it had to the court's stated intention to rule on the underlying petition based upon the current briefing as well as to provide substantive reasons in support of their position in this regard in its opposition.  (*Id.*)

On June 10, 2026, respondents filed a combined opposition to petitioner's motion for temporary restraining order and response to the petition for writ of habeas corpus.  (Doc. No. 6.)  In that filing, respondents concede that there are no material factual or legal differences between this case and the cases identified in the court's order.  (*Id.* at 1.)  Respondents argue in pertinent part that petitioner is detained pursuant to 8 U.S.C. § 1225(b) (*id.* at 1–2), an argument which the undersigned has rejected on several prior occasions.  *See Wasef v. Chestnut*, No. 1:26-cv-01078-DAD-JDP (HC), 2026 WL 392389, at *2–3 (E.D. Cal. Feb. 12, 2026).  Respondents do not state any objection to the court ruling on the petition based on the current briefing and the court will therefore do so as indicated in its June 8, 2026 order.

In light of the evidence that petitioner was previously released, the court incorporates and adopts the reasoning set forth in its prior order *Ayala Cajina v. Wofford*, No. 1:25-cv-01566-DAD-AC (HC), 2025 WL 3251083 (E.D. Cal. Nov. 21, 2025), in which the court concluded that the petitioner's prior release by immigration authorities created a liberty interest in his continued release.  Accordingly, the court will grant petitioner's petition for writ of habeas corpus.

For the reasons above,

1.    Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

/////

/////

a.   Respondents are ORDERED to immediately release petitioner Kiryl A. Voitsik, A-File No. 240-266-902, from respondents' custody on the conditions, if any, he was subject to prior to his detention on March 3, 2026;

b.   Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge, at which hearing respondents will bear the burden to demonstrate that petitioner is a danger to the community or a flight risk by clear and convincing evidence;

2.   Petitioner's motion to proceed *in forma pauperis* (Doc. No. 2) is GRANTED;

3.   The Clerk of the Court is directed to serve a copy of this order on the Golden State Annex Detention Facility; and

4.   The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated:   **June 11, 2026**                 _____

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

3